IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MARQUETTE ROSS                                                              PLAINTIFF

v.                               No. 2:10-cv-185-DPM

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration                                       DEFENDANT

ORDER

When he was sixteen years old, Marquette Ross was shot while standing in his mother's front yard. He was the victim of a drive-by shooting. He has since had problems with his right arm and hand and applied for supplemental security income. He is now twenty-five. Ross's claim was denied initially and upon reconsideration. The ALJ then held a hearing and also denied Ross's claim. After the Appeals Council refused his request for further review, Ross now appeals to this Court. In the circumstances, the ALJ's decision is the Commissioner's decision. Ross argues that substantial evidence does not support the ALJ's decision and that the ALJ failed to fully and fairly develop Ross's vocational profile.

On appeal, this Court must decide whether substantial evidence supports the ALJ's decision. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); 42 U.S.C. § 405(g). Evidence is substantial if, looking at the whole record, "a

reasonable mind would find it adequate[.]" *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see also Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000). This Court does not re-weigh the evidence, but instead defers to the ALJ's credibility determinations as long as they are supported by "good reasons and substantial evidence." *Gonzales*, 465 F.3d at 894.

Ross first challenges the ALJ's determination that he does not have an impairment or a combination of impairments equal to one listed in Appendix 1 to Subpart P of 20 C.F.R. § 404. Section 1.02, part B requires "[i]nvolvement of one major peripheral joint in each upper extremity (*i.e.*, shoulder, elbow, or wrist-hand), resulting in inability to perform fine and gross movements effectively, as defined in 1.00B2c." Section 1.00B2c defines "inability to perform fine and gross movements effectively" as "an extreme loss of function of both upper extremities[.]" Substantial evidence supports the ALJ's conclusion that Ross has been affected in his right hand only and therefore does not meet this regulation's requirements. Ross points to conflicting evidence about problems in his left arm and hand. But the Court defers to the ALJ's resolution of the conflicting evidence and credibility

-2-

because those judgment calls are supported by good reasons and substantial evidence. *Gonzales*, 465 F.3d at 894.

Ross next argues that the ALJ's conclusion that he, Ross, has the residual functional capacity to perform light work is unsupported by substantial evidence. The ALJ drew from a plethora of evidence on this point: the medical records (containing both objective medical findings and medical opinion), the two consultative examinations, the state agency examiner's opinion, Ross's own function reports, and Ross's testimony at the hearing. The ALJ discussed all of this evidence in his decision, weighed the conflicting evidence, and made credibility findings. Among other things, the evidence supporting the ALJ's decision was that Ross has 80% use of his right hand and 100% use of his left hand, can drive a car, can hold a cup with his partially impaired right hand, and can pick up a child. This Court concludes that the ALJ's decision on this point — that Ross can still perform light work as defined in 20 C.F.R. § 416.967(b) (with certain exceptions) — is likewise supported by substantial evidence.

Last, Ross contends that the ALJ failed to fully and fairly develop his vocational profile, taking into consideration both his right arm/hand

-3-

problems and his mental limitations. As discussed above, substantial evidence supports the ALJ's decision about Ross's physical limitations. Ross, however, argues that the ALJ failed to give enough attention to his mental-health issues. It is apparent that the ALJ reviewed the notes from Ross's March 2010 visit to Counseling Services of East Arkansas. This visit was a few days before the hearing. Counseling Services diagnosed Ross with intermittent explosive disorder and cannabis abuse with a current Global Assessment of Functioning (GAF) of 42. Ross was prescribed medication to help with these issues. The ALJ found that "[t]here is no evidence in this case to support the conclusion that [Ross] is expected to have a mental health impairment that will last for a continuous period of 12 months, especially now that he has sought treatment." *Transcript, at 13*. The ALJ was correct: Ross fails the regulation's duration requirement. 20 C.F.R. § 416.909.

Ross points out that the notes from Counseling Services reflect that he told the examiner that he had been experiencing mental problems since he was shot at age sixteen. But as the ALJ pointed out, there is no evidence that Ross had previously sought mental health treatment. Again, it was up to the ALJ to weigh the conflicting evidence and to determine Ross's credibility.

Substantial evidence supports the ALJ's conclusion that Ross's alleged mental impairment did not meet the threshold duration requirement and therefore should not be considered.

In sum, the Court affirms the ALJ's decision in full. Ross's complaint, *Document No. 2*, is dismissed with prejudice.

So Ordered.

*signature*
D.P. Marshall Jr.
United States District Judge

29 February 2012